Daniel, J.
delivered the opinion of the Court.
By the 30th section of the act establishing the Circuit Superior courts of law and chancery, it is declared that appeals to the said Courts shall be demandable as of right from sentences or orders of the County courts, in controversies concerning the probat of wills and letters of administration. And by the second section of the act, entitled “An act to amend the act, entitled 1 an act reducing into one the several acts concerning wills, the distribution of intestates’ estates, and the duty of executors and administrators,’ ” Supp. Rev. Code, p. 216, it is declared that when any testator or testatrix shall leave visible estate more than sufficient to pay all his or her debts, and by will shall direct that his or her executors shall not be obliged to give security, in that case no security shall be required, unless the Court shall see cause, from their own knowledge or the suggestions of creditors or legatees, to suspect the executors of fraud. The controversy in this case is one concerning “ letters of administration j” and the terms in which the right of appeal from the orders or sentences of the County courts in such controversies is given, are general. No exception is made of the case *50 -wherein the controversy turns on the question, whether an executor shall be permitted to qualify without giving security; and it would seem, therefore, incumbent on those who deny the right of appeal in such case) t0 shew, either that the law, as to such case, is repealed by some other, or that the question involved in the controversy is of such a nature as to preclude the possibility of its being properly re-examined by the Superior court. There is no suggestion that the law in relation to the right of appeal has been expressly repealed in the particular above mentioned, by any other statute; but it is urged by the counsel of the appellant in argument here, that the County court may have acted on its own knowledge or the suggestions of creditors,- that such grounds of decision are from their very nature incapable of a review by the Superior court; and that the Superior court was bound to presume, in the absence of record evidence to the contrary, if so to presume was necessary in order to sustain the sentence of the County court, that the said last mentioned Court did act, either on its own knowledge or the suggestion of creditors.
This Court is, however, of opinion, that, even supposing the decision of a County court in such case, based on its own knowledge or the suggestions of creditors, were incapable of review by the Superior court, in order to deprive said Court of a right to re-examine the question involved in the controversy, it must appear from the record that the County court did proceed on such grounds. The party complaining of a sentence of the County court from which the law has given an appeal, demandable as of right, is not bound to shew to the Superior court that such sentence was erroneous, in order to entitle him to a review of it by the latter. It is enough for him to shew that he is interested in and a party to the controversy, and that he has complied with the condition of the statute pro *51 viding for a faithful prosecution of his appeal. He cannot be deprived of the right to have his case reheard by the Superior court, by the suggestion that the sentence or order of which he complains may have been based on grounds which, if they had been made to appear on the record, it would be seen did not admit of re-examination.
The Court is, however, further of opinion, that there is nothing in such grounds of decision rendering them incapable of review by the Superior court, when properly brought before it ,• that the Circuit court properly took cognizance of the appeal in this case, and was bound, upon a full view of all the questions of law and of fact bearing on it, to decide whether the executor should be permitted to qualify without giving security.
It is manifest from the record of the proceedings of the Circuit court, that the whole controversy in that Court turned simply on the question, whether the testator had by his will directed that his executor, the appellee Hunter, should not be required to give security. A question has been raised, whether - the parol testimony offered on the trial of the case in the Superior Court was properly admitted. This Court does not deem it at all necessary to enquire under what circumstances and to what extent such evidence may be resorted to for the purpose of explaining the intentions of a testator; inasmuch as, whether the will and codicil be consulted alone, or read in connexion with the other evidence offered, the meaning and purpose of the testator in this case are equally manifest. The Court is of opinion that the testator did not intend that the appellee should be permitted to qualify without giving security; and therefore that the Circuit court erred in reversing the sentence of the County court refusing to permit him to qualify, except on the condition of giving bond and security. The Court is therefore of *52 opinion to reverse the sentence of the Circuit court "with costs, and to affirm that of the County court.
Brooke and Baldwin, Js., said they thought the whole merits of the case were before the Circuit court de novo, and that the judgment of that Court was right.